IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:09CR75 LG-RHW |
| AGUSTIN ARCADIA, ET AL. | § § | |

### ORDER DENYING DEFENDANT'S MOTIONS

BEFORE THE COURT are two Motions filed by Defendant Agustin Arcadia: 1) the Motion [31] for Bill of Particulars, and 2) the Motion [32] to Dismiss the charges against him. The government has filed responses in opposition. After due consideration of the submissions, the record and the relevant case law, it is the Court's opinion that the Motions are without merit and should be denied.

DISCUSSION

The Motion for a Bill of Particulars:

A bill of particulars is a "formal, detailed statement of the claims or charges brought by ... a prosecutor." BLACK'S LAW DICTIONARY 177 (8th ed. 2004). Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977); *see also United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). A court must consider a defendant's need for information while mindful that the bill of

particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Whether to grant a bill of particulars is within a trial court's sound discretion. *See United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (Determination of whether a bill of particulars is needed is "seldom subject to precise line drawing."); *see also Mackey*, 551 F.2d at 970.

In this case, the First Superseding Indictment charges Arcadia with participating in a conspiracy to encourage and induce aliens to live in the United States, to harbor aliens in the United States, to transport aliens within the United States, and to make false statements on U.S. Department of Labor payroll certifications. The conspiracy is alleged to have begun in May 2003 and continue to the date of the indictment. Arcadia, an employee of co-defendant Randall Jacob Weitzel, is specifically charged with hiring aliens to work on certain construction projects for Weitzel's company.

The government has responded to Arcadia's Motions by providing a detailed factual narrative of Arcadia's conduct alleged to be in furtherance of the conspiracy. In addition, the government notes that the request for a bill of particulars was filed before discovery had been exchanged. At this time, Arcadia has received discovery documents, including the case agent's affidavit in support of the search warrant for Arcadia's home, which provide details about alleged conduct occurring within the applicable statute of limitations. The government therefore asserts that a bill of particulars is unnecessary. After reviewing the materials referenced, the Court agrees

that Arcadia has been provided with adequate information to allow him to prepare a full defense against the charges. "It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989) (citing *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970)). This Motion will therefore be denied.

<u>The Motion to Dismiss</u>:

Arcadia moves to dismiss the charges against him, asserting that he had no knowledge of any wrongdoing after he withdrew from the conspiracy in March of 2005. Relying on the five-year statute of limitations in 18 U.S.C. § 3282, he asserts that the indictment, filed more than five years after his withdrawal, does not allege any chargeable conduct against him. The government responds that the indictment alleges overt acts of co-conspirators as recently as January 2010. Arcadia's alleged withdrawal from the conspiracy is an affirmative defense that Arcadia will have to prove at trial rather than grounds for dismissal of the indictment at this stage of the proceedings. *United States v. MMR Corp.*, 907 F.2d 489, 499 (5th Cir. 1990) ("The law in this circuit is that the burden of proving withdrawal, an affirmative defense, is on the defendant.") Accordingly, the Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [31] For Bill of Particulars filed by Agustin Arcadia is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [32] to Dismiss filed by Agustin Arcadia is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2011.

                                                  s/ *Louis Guirola, Jr.*
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE