IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:09CR75 LG-RHW |
| | § | |
| EDWOOD S. BRODTMANN, | § | |
| a/k/a "WOODY," ET AL. | § | |

### ORDER DENYING DEFENDANT'S MOTIONS

BEFORE THE COURT are Defendant Edwood S. Brodtmann's Motions to Dismiss [73] and to Suppress [74].  The Government has filed responses.  After due consideration of the submissions and the relevant law, the Court finds no basis for dismissal of the indictment or suppression of evidence obtained by the Government.  Accordingly, both Motions will be denied.

DISCUSSION

Brodtmann is one of three persons indicted for an alleged conspiracy to encourage and induce aliens to live in the United States, to harbor aliens in the United States, to transport aliens within the United States, and to make false statements on U.S. Department of Labor payroll certifications.  The conspiracy is alleged to have begun in May 2003 and continue to the date of the First Superseding Indictment, filed October 20, 2010.

THE MOTION TO DISMISS:

In his Motion to Dismiss, Brodtmann asserts 1) a violation of the Fifth Amendment because of the six year time period between the first alleged substantive offense and the unsealing of the Superseding Indictment, 2) a violation of the Sixth Amendment because

of a 12 month and two week delay between the filing and sealing of the original Indictment and the unsealing of the First Superseding Indictment, and 3) that the charges against him are time-barred, because the original indictment was sealed for improper purposes, and therefore did not toll the statute of limitations.

Brodtmann's Fifth Amendment claim is that the first substantive offense charged in the indictment occurred more than six years ago, and this delay violates his right to due process. However, as the Government notes, Brodtmann is accused of being a member of a conspiracy whose activities continued to the date of the First Superseding Indictment. Accordingly, this claim is without merit.

Brodtmann's Sixth Amendment claim is that the time period between the original, sealed Indictment and the unsealing of the First Superseding Indictment - a year and two weeks - is sufficient to trigger a speedy trial analysis. He alleges he has been prejudiced by this delay because the alleged illegal aliens living in Mississippi on account of the conspiracy's activities "vamoosed" when they were first encountered by law enforcement.

A 12-month length of delay between indictment and trial is presumptively prejudicial, and, therefore, sufficient to trigger speedy trial analysis. *United States v. Wood*, 248 F.3d 1143, 2001 WL 185047, *3 (5th Cir. Feb. 7, 2001). The speedy trial analysis has four considerations: 1) the length of the delay, 2) the reason for the delay, 3) whether the defendant asserted his right to a speedy trial, and 4) prejudice to the defendant. *Id.* The Court is to initially look to the first three factors in order to determine whether prejudice will be presumed or must be shown. *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006). Prejudice may be presumed where the first

three factors weigh heavily in favor of the defendant. *Id*.

As to the first factor, the delay between the original Indictment and the unsealing of the Superceding Indictment is just slightly over one year and therefore not nearly enough to presume prejudice. A "delay[ ] of less than five years [is] insufficient, by duration alone, to give rise to a presumption of prejudice." *United States v. Bishop*, 2010 WL 5377991, *2 (5th Cir. Dec. 29, 2010).

The second factor - the reason for the delay - "cuts strongly in favor of a defendant where the Government acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant." *Hernandez*, 457 F.3d at 421. The Court is not to presume prejudice "[i]f the government diligently pursues a defendant from indictment to arrest." *United States v. Bergfeld*, 280 F.3d 486, 489 (5th Cir. 2002) (quoting *Doggett v. United States*, 505 U.S. 647, 656 (1992)).

The Government states that during the time between the original Indictment and the First Superceding Indictment, it was continuing to investigate the case. This is borne out by the additional allegations in the First Superceding Indictment and the account of activities of the alleged conspiracy members in the application for search warrant filed in a related matter in this case. Accordingly, the Court finds the Government's post-indictment delay was not bad-faith, done to prejudice the defendant. This factor does not weigh heavily in favor of Brodtmann.

The third factor does weigh in favor of Brodtmann. He had no opportunity to assert his speedy trial rights during the time between the original Indictment and the unsealing of the First Superseding Indictment. In all, however, the factors do not weigh

heavily in Brodtmann's favor so as to give rise to a presumption of prejudice. Brodtmann is required to show that this delay actually caused prejudice.

In support of his claim of actual prejudice, Brodtmann asserts that the illegal aliens encountered at one of the rental houses used by the alleged conspiracy in 2004 were not taken into custody, and therefore have all "vamoosed." He asserts that "we can only assume that other witnesses . . . have also vamoosed." It seems clear that any prejudice Brodtmann may suffer because witnesses to actions in 2004 and 2005 may not be available for his trial will not be as a result of delay occurring in 2010 to 2011. Accordingly, the Court finds that Brodtmann has failed to show actual prejudice. His speedy trial claims do not require dismissal.

Brodtmann also claims that the original Indictment was sealed for an improper purpose and therefore did not toll the statute of limitations. First, this argument ignores the nature of the conspiracy charge against him, in which he is alleged to have engaged in conspiratorial activities up until the date of the First Superseding Indictment. There is no statute of limitations issue in these circumstances.

Second, the Government apparently requested the original Indictment be sealed because "revealing the existence of the Indictment prior to arrest of the defendants would jeopardize law enforcement agents and greatly impede the apprehension of defendants." As noted above, by keeping the Indictment sealed and continuing to investigate the conspiracy's activities, the Government was able to add an accused co-conspirator to the case and make additional allegations regarding the conspiracy. It is unlikely that this additional information would have been obtained had the Indictment been unsealed, and

-4-

continued investigation of this nature is a proper purpose for sealing.  *United States v. Avalos*, 541 F.2d 1100, 1114 (5th Cir. 1976).  Brodtmann does not show  that the Indictment was improperly sealed.

THE MOTION TO SUPPRESS:

Brodtmann seeks an order suppressing evidence gathered in two 2004 "raids" of a house used in the alleged conspiracy, any evidence gathered from the 2005 arrest of alleged co-conspirator Nicholas Verdin-Cruz, and evidence gathered via a 2010 search warrant for another property used by the alleged conspiracy.

In regard to his challenges to evidence obtained from searches of the two properties, Brodtmann neither alleges nor offers any evidence showing that he had a possessory interest in either of the properties.  Lacking the status of an owner or renter of the properties, he has no standing to challenge the searches.  *United States v. Moody*, 564 F.3d 754, 761 (5th Cir. 2009).  "In general, a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."  *United States v. Krout*,  66 F.3d 1420, 1430-31 (5th Cir. 1995) (quoting *United States v. Wilson*, 36 F.3d 1298, 1302 (5th Cir. 1994)).

Brodtmann also challenges any evidence obtained from the 2005 arrest of alleged co-conspirator Nicholas Verdin-Cruz.  Brodtmann acknowledges that normally he would not have standing to challenge any violation of constitutional rights that may have occurred in Verdin-Cruz's arrest, but asserts that his own Fifth Amendment right may be implicated if the Government "extracted statements [from Verdin-Cruz] by coercion

or other inquisitional tactics." *See United States v. Merkt*, 764 F.2d 266, 274 (5th Cir. 1985). However, Brodtmann neither alleges nor offers any evidence showing that Verdin-Cruz provided statements under coercion. Accordingly, he has presented no basis for exclusion of evidence obtained from the arrest of Verdin-Cruz.

Brodtmann next asserts that probable cause for "the 2010 search warrants" was based on the "tainted" evidence above and an improper procedure of continued clandestine surveillance, while the original Indictment remained sealed, rather than open discovery. For the reasons stated above in regard to the Motion to Dismiss, the Indictment was properly sealed while the Government continued to investigate suspected conspiratorial activity. Further, there is no basis for finding the evidence obtained regarding this purported conspiracy in 2004-2005 was tainted and therefore inadequate to establish probable cause for later search warrants. These arguments for exclusion are without merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Edwood S. Brodtmann's Motion [73] to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Edwood S. Brodtmann's Motion [74] to Suppress is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE