IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:09CR75 LG-RHW |
| | § | |
| RANDALL JACOB WEITZEL, a/k/a/ | § | |
| "Randy," EDWOOD S. BRODTMANN, | § | |
| a/k/a "Woody," AGUSTIN ARCADIA | § | |

## ORDER REGARDING SEALED DOCUMENTS

BEFORE THE COURT is the Motion [109] for *In Camera* Review of Sealed Documents. The Court granted the Government's request to review the sealed documents *in camera* to determine whether they are subject to the privilege asserted by Defendant Weitzel. After its review, the Court finds that the documents are not privileged.

### DISCUSSION

The documents at issue were produced inadvertently by Weitzel's accounting firm, Alberni, Caballero & Castellanos, in response to a subpoena duces tecum issued by the grand jury on November 28, 2008.[1] Shortly thereafter, Weitzel's attorney, a member of the law firm of Carlton Fields, contacted the Government attorney and requested that he cease direct communication with the Alberni firm until legal issues regarding applicable privileges had been resolved. Weitzel informed the Government that he believed the *Kovel* privilege applied to the documents produced by the Alberni

---

[1] The subpoena was directed to "Alberni, Caballero and Alberni, CPAs" and requested documents for years 2002 to 2007.

firm. The Government tendered the documents to the Clerk of Court to be held under seal pending resolution of the privilege issue.

There is no accountant-client communications privilege, and the preparation of tax returns is generally not legal advice within the scope of the attorney-client privilege. *United States v. The El Paso Co.*, 682 F.2d 530, 539-40 (5th Cir. 1982). However, in the *Kovel* case, the Second Circuit Court of Appeals determined that the attorney-client privilege could be extended to communications between the client and an accountant, if the accountant is present to facilitate effective consultation between the client and the lawyer. *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961).

> What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting service, . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.

*Id*. The accountant's role must be as a translator or interpreter of client communications for the privilege to apply. *United States v. Ackert*, 169 F.3d 136, 139-40 (2d Cir. 1999). The burden of demonstrating the applicability of the attorney-client privilege rests on the party who invokes it. *Hodges, Grant & Kaufmann v. United States Gov't*, 768 F.2d 719, 721 (5th Cir. 1985).

Weitzel states that he retained the law firm of Carlton Fields in the fall of 2008, when he became the subject of an investigation by the United States Attorney for the Southern District of Mississippi. He states that he "specifically advised the United States Attorney all work papers created by the accounting firm were prepared for the

sole purpose of securing legal advice from counsel pursuant to the *Kovel* and *El Paso Co.* decisions." But in reviewing the documents, the Court finds tax return-related materials for years 1994 to 2007. The Court was unable to find any document dated 2008, and Weitzel does not bring any such document to the Court's attention. It therefore appears that the attorney-client privilege is inapplicable. The Alberni firm could not have been a translator or interpreter of Weitzel's communications for Weitzel's attorney prior to Weitzel retaining the attorney in 2008. Accordingly, the documents filed under seal in this case are not protected by the *Kovel* attorney-client privilege.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE